NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 17, 2018[*]
Decided December 20, 2018

Before

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

| | |
|---|---|
| No. 18-2001 | Appeal from the United States District Court for the Southern District of Illinois. |
| WADIE ISSAWI and HANAN ISSAWI, *Plaintiffs-Appellants*, | |
| *v.* | |
| PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, *Defendant-Appellee*. | No. 17-cv-532-JPG-RJD J. Phil Gilbert, *Judge*. |

**Order**

   Renee Issawi borrowed money from Charter One Bank to attend college. Her parents, Wadie and Hanan Issawi, guaranteed payment by co-signing the loans; one or the other parent co-signed each of the three loans. The contracts call for the application of Ohio law. Pennsylvania Higher Education Assistance Agency (doing business as Amer-

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

ican Education Services or AES) agreed to service the loans on the Bank's behalf. In 2016 AES demanded that the Issawis repay the loans and interest, then exceeding $100,000, because Renee had defaulted. They responded with this suit.

It began as a claim under the Fair Credit Billing Act, 15 U.S.C. §1666. The Issawis alleged that their daughter had forged their names to documents extending the loans' due dates, which caused interest to continue running. They faulted AES for not detecting the forgery and for not alerting them to the extensions. The district court dismissed the complaint to the extent it rested on §1666, ruling that this statute does not apply to loans with fixed principal amounts. 2017 U.S. Dist. LEXIS 167322 (S.D. Ill. Oct. 10, 2017). (That conclusion is not contested on appeal.) The court allowed the Issawis to amend their complaint to present a claim under state law. Any such claim would rest on the diversity jurisdiction. 28 U.S.C. §1332.

The Issawis duly amended, invoking "Consumer Fraud Laws"—though they did not identify the laws or the states that had enacted them. AES responded that it had done no more than what the Issawis agreed to. The original loan papers allowed Renee to extend the due dates without her parents' consent, so their signatures, whether or not genuine, were immaterial. And these papers also reflected the Issawis' agreement that notices would go only to "the Borrower" (that is, to Renee); the parents, as guarantors, waived their right to notices. The district court therefore dismissed the amended complaint for failure to state a claim on which relief may be granted. 2018 U.S. Dist. LEXIS 41956 (S.D. Ill. Mar. 14, 2018). The judge thought that Renee's conduct—forging her parents' signatures and failing to pay her debts—may be reprehensible, but AES did not violate any duty to the Issawis.

The parties' appellate briefs agree that this suit comes within the diversity jurisdiction, but they do not provide details. The defendant's name led us to wonder just what kind of entity it is—for although a state's subdivision may be a "citizen of a state" for the purpose of §1332, a state cannot be a citizen of itself. See *Moor v. Alameda County*, 411 U.S. 693 (1973). We directed the parties to file supplemental memoranda. AES then reversed course and denied that the suit comes within §1332. Its supplemental memorandum contends that it is nothing but an alter ego of the Commonwealth of Pennsylvania. If so, the district court lacked jurisdiction. AES adds that its prior concession does not matter, because a litigant cannot waive the absence of subject-matter jurisdiction.

One problem with AES's newfound argument is that Pennsylvania law defines it as a public corporation. 24 Pa. Stat. §5101. That a public corporation receives money from the state does not make it an alter ego of the state, nor does the fact that money appropriated for the benefit of that corporation could be used to pay a judgment. A second

problem is that *United States ex rel. Oberg v. Pennsylvania Higher Education Assistance Agency*, 804 F.3d 646 (4th Cir. 2015), rejected the precise argument that AES presents to us. It wants us to disagree with *Oberg* but is bound by principles of issue preclusion. See *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979). Although, as AES observes, there are exceptions to issue preclusion, AES failed to raise them in a timely fashion. Its principal brief in this court treated itself as a corporation, not as the Commonwealth of Pennsylvania by another name. Litigants may not waive or forfeit the absence of subject-matter jurisdiction, but assuredly they may forfeit exceptions to the doctrine of issue preclusion. *Taylor v. Lawrenceberg*, 909 F.3d 177, 182 (7th Cir. 2018). If *Oberg* is right, then there is no jurisdictional problem—and AES has forfeited its opportunity to contend that it is not bound by *Oberg*. Only after first avoiding issue preclusion could AES try to persuade us that *Oberg* is wrong. It doesn't get to that stage.

On the merits, we agree with the district court's decision for the reasons the judge gave. The Issawis signed contracts allowing their daughter to extend the time for payment without their consent; they also waived any right to notice of changes to the loans' due dates and payment status. The Issawis may have been wronged by their daughter, but they have not been wronged by AES.

The Issawis' further contention that the statute of limitations has run on any attempt to collect the unpaid balance (and interest) is incorrect. Illinois has a ten-year limit for suits on contracts, and Ohio has an eight-year limit. 735 ILCS 5/13-206; Ohio Rev. Code §2305.06. Both states treat the time as starting, after a period of forbearance, when a demand for payment is made and refused, for until then no default has occurred. AES did not seek payment from the Issawis until 2016, the same year that Renee refused to pay what she owes. The demand for payment is accordingly timely.

Other arguments do not require discussion.

AFFIRMED